NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

PATEL HIREN KUMAR, : 
: 
: Civil Action No. 17-360 (JMV)
Petitioner, :
:
v. : **OPINION**
:
ORLANDO RODRIGUEZ, :
:
Respondent. :
_____ :

APPEARANCES:

PATEL HIREN KUMAR
Elizabeth Detention Center
625 Evans Street
Elizabeth, NJ 07201
    On behalf of Petitioner

SUSAN R. MILLENKY
U.S. Attorney's Office
District of New Jersey
970 Broad St., Suite 700
Newark, NJ 07102
    On behalf of Respondent

**VAZQUEZ**, United States District Judge

    This matter comes before the Court upon the amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 by Petitioner Patel Hiren Kumar (ECF No. 5), and Respondent's answer and brief opposing the amended petition. (ECF No. 9.) For the reasons set forth below, the amended petition is dismissed without prejudice.

        I.    FACTUAL BACKGROUND

    On April 14, 2014, the Department of Homeland Security issued a Determination of

Inadmissibility pursuant to 8 U.S.C. § 1225(b)(1), charging Petitioner as an immigrant not in possession of a valid entry document. (ECF No. 9-1 at 3.) Petitioner is a native and citizen of India who was detained by the United States Immigration and Customs Enforcement ("ICE") and applied for asylum on May 2, 2016. (ECF No. 1 at 3.) Petitioner also sought withholding of removal and protection pursuant to the Convention against Torture. (ECF No. 9-1 at 3.)

On May 10, 2016, an Immigration Judge ("IJ") denied Petitioner's request for change in custody status. (ECF No. 9-1 at 6.) On October 6, 2016, an IJ denied Petitioner's application for asylum, withholding of removal, and protection under the Convention against Torture, and ordered him removed to India. (*Id.* at 8-9.) Petitioner appealed the order to the Board of Immigration Appeals ("BIA"). (*Id.* at 11-14.) On January 18, 2017, Petitioner filed a petition seeking habeas relief (ECF No. 1), and he filed an amended petition on March 21, 2017. (ECF No. 5.) The following day, the BIA affirmed the IJ's decision and dismissed the appeal. (*Id.*) Respondent searched the PACER database for the Third Circuit Court of Appeals and found that Petitioner has not appealed the BIA's March 22, 2017 order, and his time for doing so has now expired. (ECF No. 9 at 2); see 8 U.S.C. § 1252(b)(1) ("[t]he petition for review must be filed not later than 30 days after the date of the final order of removal.")

## II. DISCUSSION

A. <u>Arguments</u>

In his amended petition, Petitioner argued his prolonged mandatory detention by ICE since May 2, 2016, violates his right to due process, pursuant to *Diop v. ICE/Homeland Security*, 656 F.3d 221, 223 (3d Cir. 2011). (ECF No. 5 at 1-3.) Respondent opposes habeas relief. (ECF No. 9 at 1.) Because the BIA has now issued a final order of removal, Respondent contends § 1226 no longer governs Petitioner's confinement, and his claim that his detention is unconstitutional

2

pursuant to *Diop* is moot. (*Id.*) Petitioner has been subject to a final removal order since March 22, 2017. (*Id.* at 3, citing 8 U.S.C. § 1231(a)(1)(B)(i)).[1] The Government's authority to detain Petitioner is governed by the post-final removal order provision, 8 U.S.C. § 1231(a). (*Id.*) Pursuant to 8 U.S.C. § 1231(a)(1)(a), the Attorney General must detain an individual with a final order of removal for ninety days. (*Id.*) No court has stayed Petitioner's removal, and he is not subject to non-immigration detention. (*Id.*) Accordingly, Petitioner's removal period is governed by § 1231(a)(1)(B)(i), and began on the date the order of removal became administratively final, March 22, 2017. (*Id.*) From that point, there is a six-month presumptively reasonable period of detention in which Respondent may affect removal. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) (observing that 8 U.S.C. § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States.") Respondent concludes that because Petitioner is no longer detained under § 1226(c), and his present detention is reasonable under *Zadvydas*, his petition should be dismissed as moot.

---

[1] 8 U.S.C. § 1231(a)(1)(B)(i) provides:

> (a) Detention, release, and removal of aliens ordered removed
>
> (1) Removal period
>
> (A) In general
>
> Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the "removal period").
>
> (B) Beginning of period
>
> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.

B. <u>Analysis</u>

The order of removal against Petitioner became final when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a) (stating that an order of removal from an Immigration Judge becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"). Petitioner's claim for habeas relief based on an unreasonably prolonged pre-final removal detention can no longer be redressed because he is no longer detained under § 1226(c). *Rodney v. Mukasy*, 340 F. App'x 761, 764 (3d Cir. 2009); *Ufele v. Holder*, 473 F. App'x 144, 146 (3d Cir. 2012) (per curiam). Therefore, the Court does not analyze Petitioner's claim that his pre-removal order detention is constitutionally unreasonable under *Diop*. Furthermore, the capable of repetition yet evading review exception to mootness does not apply when the petitioner's detention can no longer revert back to pre-final removal order detention. *See Ufele*, 473 F. App'x at 146 n.2 (distinguishing <u>*Diop*,</u> whose claim was capable of repetition because the Government could detain him under § 1226(c), if the vacatur of his conviction was overturned on appeal).

Even construing the petition to raise a claim that final removal order detention is unreasonably prolonged under *Zadvydas,* Petitioner became subject to final removal order detention on March 22, 2017. Generally, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During this removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention of inadmissible or criminal aliens if removal is not effected within 90 days.

In *Zadvydas*, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney

4

General to detain aliens indefinitely pending removal, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. The Court established six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. To state a claim for habeas relief under § 2241, an alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Once the petitioner has met this burden, the Government must respond with evidence sufficient to rebut that showing. *Id.*

In this case, Petitioner's order of removal became final on March 22, 2017, when the BIA dismissed his appeal. This started his 90-day removal period, which is followed by a six-month presumptively reasonable detention period. *See Hendricks v. Reno*, 221 F. App'x 131, 133 (3d Cir 2007) (holding that the final removal order period did not begin until the Third Circuit lifted the stay of removal by issuing a final order on the petition for review). Accordingly, any challenge to Petitioner's post-removal-order immigration detention is premature. If the United States fails to execute the order of removal within a reasonable time, Petitioner may reassert a habeas claim under *Zadvydas*.

### III. CONCLUSION

For the foregoing reasons, the petition is denied without prejudice.

An appropriate Order follows.

Date May 15, 2017
At Newark, New Jersey

<u>s/ John Michael Vazquez</u>
JOHN MICHAEL VAZQUEZ
United States District Judge